# PHILIP PFEIFFER AND SAMUEL FRANKENHEIMER, APPELLANTS, *v.* BETTEY ADLER, RESPONDENT.

*Parol agreement— Consideration—Statute of frauds.*

A verbal promise to sell goods to a responsible party, upon the usual terms and for full value, forms no consideration for an independent engagement to pay the antecedent debt of a third party.

APPEAL from the Supreme Court. The action was upon a verbal promise by the Defendant to pay a debt due from her deceased husband to the Plaintiffs.

The issue was referred to Judge Peabody, who dismissed the complaint.

The facts were these : The Plaintiffs sold goods to the Defendant's husband, in the years 1850 and 1851. He died in December, 1854, having reduced the debt by payments, from time to time, amounting in the aggregate to $600, but a balance was still due to the Plaintiffs. After his death she promised, verbally, to pay them this balance; and they at the same time promised to sell goods on credit to her to enable her to carry on business, and to assist her in settling with other creditors of her husband, and these promises they fulfilled. There was no written engagement between the parties, and she paid only about $50 on account of her husband's debt.

The judgment dismissing the complaint was affirmed on appeal to the General Term in the First District.

*C. A. Runcle* for Appellants.
*John H. Reynolds* for Respondent.

PORTER, J.—It does not appear that the husband left any property, or that the widow had any interest to subserve by assuming the payment of his debts. She was under no obligation to the Plaintiffs, unless one was created by her unwritten promise to pay what she did not owe. The original demand was not extinguished by the arrangement, and there was no such new consideration as would suffice to take the case out of the Statute of Frauds. The

settlement which the Plaintiffs were to aid her in negotiating was of the debts of another, for which she was not liable, and in which she had no personal concern. She was evidently in good credit; for the Appellants were willing to trust her for the amount of her husband's debt, and for all she was willing to purchase. A verbal promise to sell goods to a responsible party, for full value and on usual terms, formed no consideration for an independent engagement to pay the antecedent debt of a third person. There is nothing in the facts found by the referee to withdraw the agreement from the operation of the Statute of Frauds (Mallory v. Gillett, 21 New York, 412).

The judgment should be affirmed.

All the Judges concurred, except BOCKES and GROVER, JJ., who were for reversal.

GROVER, J. (dissenting).—The only question in this case is, whether the promise made by the Defendant to pay the Plaintiffs a debt due them from the deceased *husband* of the Defendant, was within the Statute of Frauds. If it was, the judgment of the Supreme Court holding it void was correct, and should be affirmed. From the facts found by the referee, it appears that the promise was verbal and made in consideration of a sale of goods upon credit by the Plaintiffs to the Defendant, and of assistance to be rendered by the former to the latter, in settling the affairs of the husband; that the Plaintiffs performed the contract on their part; that the Defendant paid a small portion of the debt, and refused to pay the residue. This contract is not within the statute, although one of its subjects was a pre-existing debt due from Defendant's deceased husband.

Her contract to pay it was founded wholly upon a consideration received by her, and was in no sense collateral to the debt against the husband. She became the only debtor upon that contract, and in no sense surety for the estate of her husband for its payment.

Such cases are not within the statute (Leonard *v.* Vredenburgh, 8th Johns. 29; Mallory *v.* Gillett, 24th N. Y. 412).

There must be a consideration, but the promise need not be in writing.

The consideration in the present case was sufficient.

The judgment appealed from should be reversed.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.